JAMES S. KNOPF  (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
Tel: 650-627-9500
Fax: 888-808-5001
Email: jsk@knopflaw.com

Along with other Plaintiff's Counsel

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Obelia D. Villaflor, individually and on behalf of all similarly situated individuals, | Case No.:  2:08-cv-1482 R (FFMx) |
| | Judge: Hon. Manuel L. Real |
| Plaintiff, | Magistrate Judge: |
| v. | **First Amended Class Action Complaint for Violations of the FCRA - 15 U.S.C. §1681 et seq.** |
| Experian Information Solutions, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Obelia D. Villaflor, ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges the following:

### JURISDICTION

1.  This action is brought by Plaintiff as a class action on behalf of herself and the class of consumers defined herein against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, as amended ("FCRA").

2.  Federal question jurisdiction properly exists over this action under 15 U.S.C. §1681p and 28 U.S.C. §§1331 and 1337.

3.  Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") is a business entity that regularly conducts business throughout every state and county of the

1

United States and, as a corporation that conducts business in the State of California, is a citizen of the State of California. Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Experian is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(f).

**VENUE**

4. Venue in the United States District Court for the Central District of California is proper under 28 U.S.C. § 1391(b) and based upon the following:

    a. Defendant transacts business in this District.

    b. The violations of the FCRA, alleged below, occurred and/or were committed in Los Angeles County, State of California, within the Central District of California (and throughout the United States);

    c. At all times material hereto, the Defendant was and continues to be a corporation engaged in business activities in Los Angeles County, California, and as such is a citizen of the State of California.

5. The lead plaintiff is an individual residing in Los Angeles County, California, and is a "consumer" as that term is defined by 15 U.S.C. §1681 *et seq.*, as amended, including 15 U.S.C. § 1681a(c).

**FACTS COMMON TO ALL COUNTS**

6. Plaintiff is a natural person domiciled in, and a citizen of, California. Plaintiff is a member of the classes defined herein. Defendant is a consumer reporting agency which has compiled and disclosed certain information about the Plaintiff and the class on their consumer reports.

7. On or about May 7 and May 31 2007, respectively, Defendant Experian provided Plaintiff with "credit report[s]" (Report numbers 2977280667 and 3650499223),

2

1  alternatively referred to as "consumer disclosure[s]", "file disclosure[s]", or "consumer
2  report[s]".

3  8. Defendant Experian has continuously erroneously and unclearly disclosed alleged past
4     due information in the "status" field on the Plaintiff's consumer disclosure.

5  9. Experian has disclosed an account with TNB-Target in the "status" line is: "Discharged
6     through Bankruptcy Chapter 13/Past due 90 days".  The current status of the account
7     cannot be past due if it was discharged in bankruptcy.  This information is both erroneous
8     and unclear to the consumer and any potential person viewing this report.

9  10. Experian nowhere on the disclosure instructs the consumer or others on how to interpret
10     their reporting of the "status" line.  With the other 2 major consumer reporting agency
11     disclosures, the information Experian is reporting in the "status" line is the "current
12     status" information.

13  11. Additionally, Experian has already reported the alleged late payment history of the TNB-
14     Target account in the correct field of "account history".  It would be erroneous, unclear,
15     and duplicitous to report this information again in the "status" line.  Experian is giving
16     the false impression that the account was "past due 90 days" on multiple occasions.

17  12. This account information is compiled from the furnishers and then disclosed in the
18     consumer report through the E-OSCAR system.  Experian has the knowledge and
19     information to determine that the account was paid and closed, and thus Experian clearly
20     is not following reasonable procedures to assure maximum possible accuracy.

21  13. Upon information and belief, Experian has reported this type of payment information in
22     the "status" line that is less unclear by putting past tense language such as "*was* past due
23     90 days".  Although still unclear when placed in the current "status" field, this at least
24     shows they can and do have the ability to produce a more accurate and clear report.  They
25     simply choose not to do so a large portion of the time to the detriment of consumers.

26
27
28

14. Defendant's conduct is deliberate and willful as shown by the large number of consumers for whom they consistently fail to clearly and accurately report the "current status" and "status" information. Thus this is a willful violation of the FCRA, not a negligent one.

15. Plaintiff and the class have been damaged as a direct and proximate cause of all of the Defendant's actions. Plaintiff and class have suffered from credit reports that are unclear and erroneous and make it look like the accounts are still past due and delinquent when they are not.

16. Plaintiff and the class have suffered damage to their credit worthiness.

17. Plaintiff and the class have been damaged because this misleading information and/or errors have impaired their ability to build their credit worthiness and to obtain credit on more favorable terms.

18. As a direct result of said errors, Defendant has misinformed third parties as to the status of this account. Defendant has reflected credit information which is incorrect, inaccurate, misleading and/or false, and has failed to use reasonable procedures to assure maximum possible accuracy of the information it is reporting about a large number of consumers.

### CLASS ACTION ALLEGATIONS

19. Definition of the Class for Count I. Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

        i. All individuals in the United States for whom Defendant reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed and/or discharged in bankruptcy.

20. Definition of the Class for Count II. Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

        i. All individuals in the United States who made a file disclosure request and for whom Defendant reported alleged late payment information in the "current status" and

4

"status" fields when the account was already paid or closed and/or discharged in bankruptcy.

Numerosity

21. At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that Class members are so numerous that joinder of all members is impracticable. The number of class members can be determined through appropriate discovery.

Commonality

22. There are questions of law or fact common to the Class, including, *inter alia*, the following:

    a. Whether Defendant's conduct alleged herein violates the FCRA;

    b. Whether Defendant's failure to use reasonable procedures to assure maximum possible accuracy of the consumer disclosure violates the FCRA;

    c. Whether Defendant's failure to clearly and accurately disclose all information in the consumers' files violates the FCRA; and

    d. Whether Plaintiff and the Class have been damaged and the appropriate measure of such damages.

Typicality

23. Plaintiff has the same interests in this matter as all other members of the Class, and her claims are typical of all members of the Class.

Adequacy

24. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiff will fairly and adequately represent the interests of Class members and does not have interests adverse to the Class.

The Prerequisites of Rule 23(b)(2) are Satisfied.

5

25. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

26. The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

27. Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

28. Defendant's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

The Prerequisites of Rule 23(b)(3) are Satisfied.

29. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

## COUNT ONE—REASONABLE PROCEDURES

### Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Experian

30. Plaintiff re-alleges and incorporates paragraphs 1 through 19 and 21 through 29 above as if fully stated herein.

31. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

32. Defendant willfully violated 15 U.S.C. §1681e(b), throughout the entire course of its actions, by willfully failing to follow reasonable procedures in the preparation of the consumer report concerning the Plaintiff and the Class, to assure maximum possible accuracy of the information in the report described in above paragraphs 7 through 10 (relating to "current status" and "status"), in violation of 15 U.S.C. §1681e(b).

33. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

34. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

## COUNT TWO—FILE DISCLOSURE

### Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Experian

35. Plaintiff re-alleges and incorporates paragraphs 1 through 18 and 20 through 29 above as if fully stated herein.

36. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

37. The Defendant willfully violated 15 U.S.C. §1681g(a), throughout the entire course of its actions, by willfully failing, upon request, to disclose clearly and accurately the "current status" of the Plaintiff's and the class's consumer report, in violation of U.S.C. §1681g(a).

7

38. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

39. The Plaintiff and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order and judgment against Defendant as follows:

      A.    Entering judgment in favor of Plaintiff and the Class against Defendant;

      B.    Awarding Plaintiff and the Class their statutory damages, together with their costs and attorneys' fees;

      C.    Awarding Plaintiff and the Class punitive damages as allowed by law;

      D.    Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) with respect to the Class, including subclasses, defined herein;

      E.    Designating Plaintiff the representative of the Class and her counsel Class counsel; and

      F.    Awarding such further and other relief as the Court deems just.

/     /

**Intentionally left blank**

/     /

FIRST AMENDED COMPLAINT

1

## JURY TRIAL DEMAND

2     Plaintiff and the Class are entitled to and hereby demand a trial by jury as stated in the

3  U.S. Constitution, Amendment 7 and F.R.C.P. 38.

4  Dated this 1st day of May, 2008.

5                                         Respectfully Submitted by,

6                                         **LEHRMAN & LEHRMAN, P.A.**

7

8                                         **By:   /s/ Seth Lehrman**

9                                         Seth Lehrman  (CSBN 178303)
                                          1801 North Pine Island Rd., Suite 103
10                                        Plantation, Florida 33322
                                          Telephone 954-472-9990
11                                        seth@LehrmanLaw.com

12                                        **LAW OFFICES OF JAMES S. KNOPF**
                                          James S. Knopf (CSBN 178934)
13                                        1840 Gateway Drive, Suite 200
                                          San Mateo, California  94404
14                                        Telephone 650-627-9500
                                          jsk@knopflaw.com
15

16

17                                        **STEVEN F. GROVER, P.A.**
                                          Steven F. Grover
18                                        1 East Broward Blvd., Suite 700
                                          Fort Lauderdale, Florida  33301
19                                        954-356-0005
                                          lawhelp@earthlink.net
20                                        (Seeking Pro Hac Vice Admission pursuant to Local
                                          Rule 83-2.4)
21                                        Attorneys for Plaintiff and Proposed Class

22

23

24

25

26

27                                            9

28  ─────────────────────────────────────────────────────────────
                                      FIRST AMENDED COMPLAINT

1

**PROOF OF SERVICE BY MAIL**

2

      I, the undersigned, say:

3

      I am a citizen of the United States and am employed in the office of a member of the Bar
of this Court.  I am over the age of 18 and not a party to the within action.  My business address
is 1801 North Pine Island Road, Suite 103, Plantation, Florida 33322.

4

5

      On May 1, 2008, I served the following:

6

**First Amended Class Action Complaint for
Violations of the FCRA - 15 U.S.C. §1681 et seq**

7

8

      On this date, I electronically filed the above-referenced document with the Clerk of the
Court using the CM/ECF system, which sent electronic notification of such filing to all other
parties appearing on the docket sheet as follows:

9

10

Michael Morgan, Esq.
Jason L. Haas, Esq.
Jones Day
555 South Flower St, 50th Fl
Los Angeles, CA  90071

11

12

13

      I declare under penalty of perjury under the laws of the State of Florida, that the
foregoing is true and correct.

14

15

                By:___/s/ SETH LEHRMAN
                      SETH LEHRMAN

16

17

18

19

20

21

22

23

24

25

26

27

28

2

FIRST AMENDED COMPLAINT